**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEROY BOYD, et al.,            :
                               :   Civil Action No. 06-1013 (JLL)
            Plaintiffs,        :
                               :
        v.                     :   **OPINION**
                               :
LYDELL B. SHERRER, et al.,     :
                               :
            Defendants.        :


Appearances:

Plaintiffs, pro se
Leroy Boyd
Tione Davis
Rasheed Gumbs
Hashawn Poe
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

**LINARES, District Judge:**

Leroy Boyd, Tione Davis, Rasheed Gumbs, and Hashawn Poe, inmates of Northern State Prison in Newark, New Jersey, have submitted this Complaint under 42 U.S.C. § 1983 and have asked the Court to allow them to proceed in forma pauperis under 28 U.S.C. § 1915.[1]  This requires the Court to determine whether Fed.R.Civ.P. 20 authorizes the joinder of these claims and

---

[1] None of the Applications to proceed in forma pauperis submitted by Plaintiffs is adequate.

plaintiffs and, if so, how to assess the filing fee required under 28 U.S.C. § 1915(b).

## I.   FACTUAL BACKGROUND[2]

Plaintiffs are all housed in the Administrative Segregation unit at Northern State Prison.  On or about September 14, 2004, during cell searches at the unit, Plaintiffs were placed in a caged enclosure with other prisoners.  While in the enclosure, Plaintiffs objected to the manner in which their property was being handled.  Certain corrections officers used pepper spray to quiet the prisoners, then allegedly entered the caged enclosure and beat them.  Plaintiffs allege that they were severely beaten and were not provided any medical care.  Plaintiffs also allege that corrections officers have retaliated against Plaintiffs, although the Complaint does not provide any facts regarding such alleged retaliation.

Plaintiffs seek compensatory damages and injunctive relief for violation of their rights under the Eighth Amendment and for destruction of their personal property.

## II.   ANALYSIS

Title 28 section 1915 governs proceedings in forma pauperis and imposes special limitations with respect to in forma pauperis actions brought by prisoners.  Rule 20 governs permissive joinder

---

[2] These facts are taken from the Complaint and are accepted as true for purposes of this Opinion.

of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20.  In Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied.  Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to

satisfy the financial incentive of the statute to deter frivolous prisoner actions.  391 F.3d at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20.  See Wasko v. Allen County Jail, 2006 WL 978956 (N.D. Ind. April 12, 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. Jan. 30, 2006).  Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult.  A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233 at *4.

This Court finds the reasoning of these district courts persuasive.  Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.

4

In addition, Plaintiffs here have asserted claims that require individualized screening pursuant to 28 U.S.C. § 1915(e)(2). For example, there is a general allegation that property was destroyed during the cell searches. Generally, however, an unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 530-36 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). New Jersey does provide a post-deprivation remedy for unauthorized deprivation of property by public employees. See New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1-1 et seq. (2001). Plaintiffs have alleged no facts suggesting that the defendants deprived them of property pursuant to an established state procedure. To the contrary, established state procedures require prison officials to preserve personal property of inmates. See, e.g., N.J. Admin. Code §§ 10A:1-11.1 et. seq. (2001). It is not clear from the Complaint which Plaintiffs lost property or what property they lost. It is unlikely that any Plaintiffs can state a claim for unconstitutional deprivation of property without due process.

Assessment of the adequacy of the Eighth Amendment excessive-force and medical-care claims is similarly dependent upon facts related to each individual Plaintiff.  For example, to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  <u>Estelle v.Gamble</u>, 429 U.S. 97, 106 (1976).  Thus, the adequacy of the claim alleged by each Plaintiff is dependent upon his individual medical need and the behavior of prison officials with respect to that individual Plaintiff.  Joinder of their claims, however, would permit all Plaintiffs to avoid the risk of a "strike" under § 1915(g) if even one Plaintiff states a claim, because § 1915(g) imposes a strike only if the entire action is dismissed.  For all of the foregoing reasons, joinder is not appropriate.

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just."  It would not be just merely to dismiss all but the lead Plaintiff from this case.  Instead, this Court will direct the Clerk to open a separate case for each of the other Plaintiffs in this action.  Each of the Plaintiffs will be granted leave to file an amended complaint asserting his individual claims.

Nothing in this Opinion should be construed as precluding any or all of the Plaintiffs from cooperating to the extent that

they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

### III.   CONCLUSION

For the reasons set forth herein, this Court finds that joinder of Plaintiffs' claims under Rule 20 is not suitable.  An appropriate Order follows.


                                             /s/ Jose L. Linares  
                                            Jose L. Linares  
                                            United States District Judge  
Dated: June 7, 2006