<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEROY BOYD, | : | |
| | : | Civil Action No. 06-1013 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LYDELL B. SHERRER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Leroy Boyd
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114


**LINARES**, District Judge

    Plaintiff Leroy Boyd, a prisoner confined at Northern State
Prison in Newark, New Jersey, seeks to bring this action <u>in forma</u>
<u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his
constitutional rights.  Based on his affidavit of indigence and
the absence of three qualifying dismissals within 28 U.S.C.
§1915(g), the Court will grant Plaintiff's application to proceed
<u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the
Clerk of the Court to file the Amended Complaint.

    At this time, the Court must review the Amended Complaint to
determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this review.

On or about September 14, 2004, Plaintiff and several other prisoners housed in the Administrative Segregation Unit at Northern State Prison were placed in a caged enclosure during cell searches.  While in the enclosure, Plaintiff objected to the manner in which his property was being handled.  The defendant corrections officers and administrators allegedly beat Plaintiff severely, breaking his nose and causing damage to his eyes. Plaintiff was taken to the nurse who recommended further care, but Plaintiff was afraid to be in the company of the defendant officers who had beaten him during transportation to an outside medical facility, so he declined further treatment.

Plaintiff seeks compensatory damages and injunctive relief for violation of his rights under the Eighth Amendment and for destruction of his personal property.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). This Court has previously allowed Plaintiff to amend his Complaint.  Accordingly, no further amendments will be permitted.

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

4

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 828 (1985); Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

IV.   <u>ANALYSIS</u>

A.   <u>Destruction of Property</u>

Generally, an unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 530-36 (1984); <u>Parratt v. Taylor</u>, 451 U.S. 527, 543-44 (1981), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986).  New Jersey does provide a post-deprivation remedy for unauthorized deprivation of property by public employees.  <u>See</u> New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1-1 <u>et seq.</u> (2001).  Plaintiff has alleged no facts suggesting that the defendants deprived him of property pursuant to an established state procedure.  To the contrary, established state procedures require prison officials to preserve personal property of inmates.  <u>See</u>, <u>e.g.</u>, N.J. Admin. Code §§ 10A:1-11.1 <u>et seq.</u> (2001).  Thus, Plaintiff fails to state a claim for deprivation of property without due process.

B.   <u>Eighth Amendment</u>

1.   <u>Excessive Force</u>

The Eighth Amendment prohibits punishments that are "cruel and unusual."  An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human

need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component is contextual and responsive to "'contemporary standards of decency.'"  Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citation omitted).  The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'"  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted)); Rhodes v. Chapman, 452 U.S. 337, 345 (1981).  What is necessary to establish the subjective component of unnecessary and wanton infliction of pain varies also according to the nature of the alleged constitutional violation.  Hudson, 503 U.S. at 5.

Where the claim is one of excessive use of force, the core inquiry as to the subjective component is "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21 (1986)(citation omitted), quoted in Hudson, 503 U.S. at 6.  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  Id. at 9.  In such cases, a prisoner may prevail on an Eighth Amendment claim even in the absence of a serious injury, the

objective component, so long as there is some pain or injury and something more than de minimis force is used.  Id. at 9-10 (finding that blows which caused bruises, swelling, loosened teeth, and a cracked dental plate were not de minimis for Eighth Amendment purposes).

To determine whether force was used in "good faith" or "maliciously and sadistically," courts have identified several factors, including:

> (1) "the need of the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response."

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. at 321).  Thus, not all use of force is considered "excessive" for purposes of reaching the level of a constitutional violation.

In addition, "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so. Furthermore, . . . a corrections officer can not escape liability by relying upon his inferior or non-supervisory rank vis-a-vis the other officers."  Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002).

8

Plaintiff's allegations of excessive force are sufficient to avoid dismissal at this preliminary screening stage of the litigation.

    2.  <u>Medical Care</u>

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. <u>Id.</u> at 106.

To satisfy the first prong of the <u>Estelle</u> inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. <u>Monmouth</u>

County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  "'Deliberate indifference' is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk or harm." Andrews v. Camden County, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (citing Farmer v. Brennan, 511 U.S. 825, 837-38 (1994)).  The Court also notes that a prisoner's subjective dissatisfaction with his medical treatment does not alone support a finding of deliberate indifference.  Andrews, 95 F. Supp. 2d at 228. Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would

be proved is medical malpractice and not an Eighth Amendment

violation.  <u>Estelle</u>, 429 U.S. at 105-06; <u>White</u>, 897 F.2d at 110.

The Third Circuit has stated that:

> "Where prison authorities deny reasonable
> requests for medical treatment, however, and
> such denial exposes the inmate 'to undue
> suffering or the threat of tangible residual
> injury,' deliberate indifference is manifest.
> Similarly, where 'knowledge of the need for
> medical care [is accompanied by the] . . .
> intentional refusal to provide that care,'
> the deliberate indifference standard has been
> met. . . .  Finally, deliberate indifference
> is demonstrated '[w]hen . . . prison
> authorities prevent an inmate from receiving
> recommended treatment for serious medical
> needs or deny access to a physician capable
> of evaluating the need for such treatment."

<u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d at 346

(citations omitted).  Additionally, "[s]hort of absolute denial,

'if necessary medical treatment [i]s . . . delayed for non-

medical reasons, a case of deliberate indifference has been made

out."  <u>Id.</u> (citations omitted).  Finally, "[d]eliberate

indifference is also evident where prison officials erect

arbitrary and burdensome procedures that 'result[] in

interminable delays and outright denials of medical care to

suffering inmates.'"  <u>Id.</u> at 347 (citation omitted).

Here, Plaintiff alleges that the prison nurse advised

further medical care but the defendants conditioned his receipt

of that care on Plaintiff's willingness to be transported by the

very corrections officers who had inflicted his injuries.  These

allegations are sufficient to avoid dismissal at this preliminary screening stage of the litigation.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the due process claim will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  The Eighth Amendment claims will be permitted to proceed.  An appropriate order follows.


Dated: October 3, 2006
<u>/s/ Jose L. Linares</u>
Jose L. Linares
United States District Judge