NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEROY BOYD, | : | Civ. No. 06-1013 (GEB) |
| Plaintiff, | : | MEMORANDUM OPINION |
| v. | : |  |
| LYDELL B. SHERRER, et al., | : |  |
| Defendants. | : |  |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of Defendants, Lydell B. Sherrer, Andre Graham, J. Strictland, J. Munoz, A. Horton, J. Facoa, P. Guido, C. Roberson, SCO Callaway and SCO Richardson (hereinafter "Defendants") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment in lieu of an answer pursuant to Federal Rule of Civil Procedure 56. The Court, having read and fully considered all of the parties submissions, has decided this matter without oral argument pursuant to F.R.Civ.P. 78. For the reasons discussed below, Defendants' Motion to Dismiss is granted.

**I.     BACKGROUND**

On or about September 14th, 2004, a team of correction officers conducted a search of the cells in the Delta-300-East Unit of Northern State Prison. (Compl., p. 6). Plaintiff claims that during the search of his cell, the correction officers handled his property in a "disrespectful" manner which caused Plaintiff to request "to speak with a superior commander prior to being led

back into his cell." (Id. at 7).  Plaintiff asserts that Defendant Graham ordered the correction officers to "suit up" in protective equipment and force Plaintiff back into his cell in response to his request to speak with a superior commander. (Id.).  Next, Plaintiff states that the correction officers used chemical agents and beat him and other inmates with night sticks so that the inmates would "realize who's house this is." (Id. at 8).  Plaintiff further asserts that the corrections officers pushed and dragged him and the other inmates "down metal [staircases] from the Delta-100-East . . . stairwell down to the Delta-100-East . . . lobby areas by the Plaintiff's leg shackles." (Id. at 9).  Plaintiff argues that he was allowed to receive medical attention at which time the nurse informed him that he would need further medical attention due to the severity of the lacerations on various parts of his body. (Id.).  Plaintiff argues that he refused further medical attention for fear that the correction officers would continue to beat him and taunt him while escorting him for said medical attention. (Id.).  Plaintiff claims that he was told not to "seek redress of this matter, or these [D]efendants would in fact be forced to take the same or maybe even worse physical action in the way of retaliation." (Id. at 10).

Plaintiff argues that he next attempted to "grieve the incident through the [p]rison's administrative remedy procedure, only to have those attempts to do so purposely stifled by a few of the corrections officers." (Id. at 11).  Plaintiff argues that correction officers "ripped up" his inmate remedy forms in front of him, disregarding their assumed duty to forward the form to the administrative office of the prison. (Id.).  Specifically, Plaintiff claims that he submitted an inmate request form to the first shift tier officer on or about September 29, 2004. (Pl. Reply Br., p. 3).  Plaintiff asserts that an inmate paralegal inquired about the inmate request form on October 29, 2004 and upon hearing that Plaintiff received no answer, "advised him to follow the

same procedure that he had followed." (Id. at 4). After several more alleged attempts by Plaintiff to file inmate remedy forms, Plaintiff argues that he wrote a formal letter to the office of Administrator Sherrer which went unanswered. (Id. at 5). Plaintiff further argues that he attempted to file three more inmate remedy forms only to have his efforts thwarted by corrections officers. (Id. at 6). Plaintiff asserts that he was informed by an inmate paralegal that Northern State Prison officers' staff had been instructed "not to lend assistance [to inmates] in civil court or administrative filing regarding officers' misconduct or that he would face consequences for doing so." (Id.). At this time, Plaintiff asserts he was in contact with another inmate, Malik Hall, who had incurred similar obstacles and had finally secured a meeting with Captain Marks at the New Jersey Department of Corrections Ombudsman's office. (Id.). Plaintiff asserts that he requested a similar meeting with Captain Marks but was unsuccessful. (Id.). Plaintiff argues that he asked fellow inmate Hall if he could submit his inmate request/remedy form directly to Captain Marks and Inmate Hall complied with the request. (Id. at 7). After several more alleged attempts to file an inmate request/remedy form, Plaintiff asserts that he wrote a letter to the administrator's office of the Northern State Prison. (Id.). In response, the administrative office stated "he had to fill out an inmate request/remedy form as opposed to forwarding a letter to the offices of the N.S.P's administrator." (Id.).

## II. PROCEDURAL BACKGROUND

Plaintiff filed a Complaint on March 6, 2006 with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (Docket). Under Title 42, United States Code, Section

---

[1] Plaintiff had initially filed a joint Complaint with several inmates involved in the alleged incident on September 14, 2004. (Pl. Reply Br., p. 1). On June 8, 2006, Plaintiffs' cases were

1983, Plaintiff sets forth the claims of: (1) destruction of personal property without due process; (2) excessive force; and (3) the denial of medical care as his basis for relief. (Compl.). On October 4, 2006, an Opinion and Order was issued which permitted Plaintiff's excessive force and denial of medical care claims to proceed but dismissed the claim for destruction of property without due process of law as a result of "Plaintiff [failing] to state a claim for deprivation of property without due process." (Docket # 10, p. 8). On January 11, 2007, Defendants filed a motion to "dismiss the complaint or for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies as required by the [Prisoner's] Litigation Reform Act." (Id.). Plaintiff filed an opposition to Defendants' motion on April 23, 2007. (Docket). Additionally, Plaintiff filed a letter in further response to the motion to dismiss on May 4, 2007. (Id.). In response, a letter was filed by the Defendants to the Court on May 15, 2007. (Id.). Plaintiff's letter discussed new case law on the question of exhausted and unexhausted claims contained in the same complaint and Defendant's letter distinguished various cases Plaintiff relied on from the present case.

### III.   DISCUSSION

#### A.   Motion to Dismiss Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atl. City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v.

---

severed and the Plaintiffs were instructed to file individual complaints. (Id.).

Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985), cert. denied, 474 U.S. 935 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v. Birmingham Bd. of Educ., 125 S. Ct. 1497, 1510 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991) (citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. SE. Pa. Transp. Auth., 68 F.3d 1564, 1565, n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commw. of Pa., 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the claim." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) ( "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

### B. Motion to Dismiss

Defendants' Motion to Dismiss asserts that "all of the defendants are entitled to dismissal of [Plaintiff's] Complaint with prejudice . . . because [Plaintiff] failed to properly exhaust his administrative remedies." (Def. Motion, p. 6). Under the Prison Litigation Reform Act of 1996, prisoners filing a claim under Title 42, United States Code, Section 1983 must exhaust all available administrative remedies before seeking a remedy from the Court. 42 U.S.C. § 1997e(a). The language of Title 42, United States Code, Section 1997e(a), states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this Title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as area available are exhausted.

Furthermore, "the exhaustion requirement applies to prisoners who were in custody at the time they filed their original complaint." (Def.'s Motion, p. 7)(citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

The Third Circuit Court of Appeals has previously held that the exhaustion requirement of the PRLA applies to the grievance procedure stipulated by the individual prison's inmate handbook even if the procedure is unclear or has not been formally adopted by a state administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1351 (3d Cir. 2002). Furthermore, the Third Circuit found that the PRLA requires exhaustion of all available administrative remedies for not only claims filed under section 1983 but for any suit challenging

prison conditions. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006). When bringing a suit in federal court filed under the PRLA, the prisoner must have properly exhausted all available remedies. (Id.). In Woodford, the Court found that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." (Id.).

In the present case, the Inmate Handbook For Northern State Prison states:

> Any complaints involving staff members be written on an "I.R.F." (Inmate Remedy Form) and forwarded to the office of the Administrator. Upon receipt of the complaint, it will be reviewed and forwarded to the appropriate department head for investigation. The results of the investigation will be reviewed and a response will be sent. If no response is received by the inmate within 30 days, that inmate may submit an Administrative Remedy Form.

(Id. at 23). Plaintiff claims that he has attempted several times to file an Inmate Remedy Form to the proper office but was thwarted by the prison's correction officers. After many alleged attempts, Plaintiff sent a letter to the office of the Administrator and received notice that he must file an Inmate Remedy Form to the same office. At this time, it would be proper for Plaintiff to have submitted an Inmate Remedy Form to the office of the Administrator. However, instead of submitting the Inmate Remedy Form, Plaintiff filed a suit in Federal District Court. As such, Plaintiff's failure to file an Inmate Remedy Form with the office of the Administrator renders his claims unexhausted.[2]

---

[2] The Court acknowledges the recent decision in Jones v. Bock, 127 S.Ct. 910 (2007), in which the United States Supreme Court held that where a complaint includes exhausted and unexhausted claims, those claims which have been exhausted may proceed. (Id. at 923). Here, Plaintiff makes two claims stemming from the September 14, 2006 incident which are listed in the same Complaint. As neither of the claims have been properly exhausted, the Court finds this recent decision inapplicable to the present case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted as neither claim has been exhausted as required by the Prisoner Litigation Reform Act of 1996.

Dated: August 2, 2007

                                              s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.